Filed 4/30/26  P. v. Hebner CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ALFRED HEBNER,<br><br>       Defendant and Appellant. | A171034<br><br>(City and County of San Francisco Super. Ct. Nos. 1605859, 162235) |

Alfred Hebner appeals from a trial court order resentencing him under Penal Code section 1172.75.[1]  The court struck Hebner's one-year prior prison term enhancement originally imposed pursuant to section 667.5 and reduced two aggravated terms to two midterms, thereby reducing his original aggregate sentence of 48 years to 38 years in state prison.  On appeal, Hebner contends the court erred by refusing to strike his five-year prior serious felony enhancement (§ 667, subd. (a)) under section 1385.  Specifically, he argues that the court failed to adequately consider and afford great weight to two mitigating circumstances: (1) the enhancement could result in a sentence over 20 years; and (2) the enhancement is based on a prior conviction more than five years old.  (§ 1385, subd. (c)(2)(C), (H)).

_____

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

1

Hebner further argues, and respondent concedes, that the court erred by reimposing fines and fees that are no longer enforceable. We agree that the challenged fines and fees must be vacated. The judgment is otherwise affirmed.[2]

## I. BACKGROUND[3]

### A. *Underlying Offenses*

In October 1994, Hebner lured a woman into an apartment with the promise of helping her find a job. Once inside, Hebner repeatedly and violently raped her. He was later charged by information with five counts of forcible rape (§ 261, subd. (a)(2) [counts 1 –5]), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1) [count 6]), and false imprisonment (§ 236 [count 7]). The information also alleged Hebner had a prior conviction for first-degree burglary from November 1987, that by definition was both a serious felony and a strike (§§ 667, subds. (a), (d) & (e), 1170.12, subds. (b) and (c)); and that he had served three separate prior prison terms (§ 667.5, former subd. (b).) Before trial, Hebner moved to exclude evidence of an October 1987 act of sexual misconduct involving a different victim—without success.

A jury found Hebner guilty of all the charges, except that it found him guilty of attempted rape (§§ 663, 261, subd. (a)(2)) as a lesser included offense on count 5.

---

[2] By order dated November 24, 2025, we deferred ruling on Hebner's request for judicial notice that was filed on November 20, 2025. Having considered the merits of Hebner's appeal, the request for judicial notice is not relevant and therefore we deny the request.

[3] We derive the background information from our prior nonpublished opinion affirming Hebner's conviction *People v. Hebner* (May 21, 1998, A075672) [nonpub. opn.] (*Hebner I*)), as well as from the materials submitted by the parties in connection with the petition for resentencing.

The trial court sentenced Hebner to a total prison term of 48 years, consisting of 16 years (the aggravated term of eight years doubled) on count 1, 16 years fully consecutive (the aggravated term of eight years doubled) on count 2, four years consecutive (one-third of the middle term of six years doubled) on count 3, four years consecutive (one-third of the middle term of six years doubled) on count 4, and two years consecutive (one-third of the middle term of three years doubled) on count 5 (§§ 667.6, 1170.1, subd. (a)). The court added five years to his sentence for the prior serious felony conviction enhancement (§ 667, subd. (a)(1)), and one year representing one of the prior prison term enhancements alleged (§ 667.5, former subd. (b)). All other terms were stayed. Hebner was ordered to pay a $1200 restitution fine (§ 1202.4) and a $70 AIDS education fee (former § 1463.23).

## B. Resentencing

In February 2024, Hebner's counsel filed a comprehensive memorandum in support of resentencing, along with 20 supporting exhibits. As relevant here, counsel argued the trial court should dismiss the prior conviction as both a strike and as the serious felony predicate for the five-year enhancement.

The prosecution opposed reducing Hebner's sentence based on "his unreasonable risk of future violence. He was convicted in 1996 for a 1994 rape, with [an Evidence Code section] 1108 witness testifying as to his 1987 residential burglary first degree plea conviction that was . . . a forcible rape with some similarities with [the] rape from 1994." The prosecution submitted a copy of the original presentencing report, which referenced Hebner's 1990 convictions for two drug offenses (occurring in between the 1987 and 1994 convictions), for which he was sentenced to three years in state prison.

Hebner was paroled in July 1994 and committed the underlying offenses in October 1994.

The prosecution, relying on a psychological study Hebner submitted in support of his petition, emphasized that if released within a year, Hebner's likelihood of reoffending is three times more likely than what it would be if released in another nine years (56 vs. 64+). The prosecution added: "He is now 55 years old, but even at 60 years old, his risk would result in a 'dramatic drop in sexual reoffending'" from his current age, per his consultant psychologist Dr. Lisa Jeko, Ph.D. Citing Hebner's prison disciplinary file, the prosecution highlighted that he had eight violations since 2000 for "Overfamiliarity and Sexual Misconduct;" also, in the last ten years he had two violations for "fighting and threatening to kill another inmate."

The resentencing hearing commenced on June 10, 2024, and concluded on June 24, 2024. At the outset, the trial court stated it had reviewed each party's points and authorities and all of the exhibits including the psychologist's assessment and a mitigation report, as well as the original pleadings, the original sentencing transcript, and the appellate court opinion. The court initially observed that it was mandated to strike the section 667.5, subdivision (b), one-year prior prison term enhancement pursuant to section 1172.75, which the court recognized "trigger[ed] a complete resentencing under current law."

In that context, the trial court then stated that, "in a nutshell, sentencing currently in California defaults to the middle term, unless there's an aggravating factor shown beyond a reasonable doubt to a jury or to a judge, if the Defendant waives jury, or by stipulation. . . . I'm not clear that there's any proof beyond a reasonable doubt of aggravating factors . . . to get

4

to the aggravated term. . . . Mr. Hebner hasn't stipulated to aggravating factors. So I don't find that there's adequate evidence to depart from the middle term based on [Rule of Court] 4.420 or [section] 1170(b)(2)."

The court proceeded to determine "whether there should be a departure downward to the mitigated or low term" by applying the factors in section 1170(b) and the aggravating and mitigating factors in the Rules of Court. The trial court found several aggravating factors applied: specifically that Hebner's crimes "involved great violence and harm," "a high degree of callousness and viciousness," and "some planning." It further found that Hebner had "a pattern of violent conduct given his prior convictions, a prior offense, which although he was convicted of a non-sexual crime, there was testimony that was believable that he did sexually assault another victim . . . ." Additionally, Hebner's "crimes were of increasing seriousness and were numerous at the time of his incarceration." The court observed that Hebner had spent "almost all his adult life in custody of one kind or another" and "was only out a few weeks or months at the time this offense occurred."

With respect to mitigating factors, the trial court noted Hebner's history of childhood trauma that included physical, psychological and sexual abuse but also his "prior serious record and significant rule violations, some of which touch upon inappropriate sexual conduct that continues, although it's abating, certainly." The court acknowledged that while Hebner had "mental health conditions," he also had admitted to "feigning or exaggerating his symptoms." The court expressly considered Hebner's age: he was "just over 26 at the time of this offense, and his priors occurred when he was under 26 . . . not a clear factor but it should be mentioned." The court also noted that Hebner "did not voluntarily acknowledge wrong doing in this case . . . ." Finally, the court recognized that while there were initially multiple

5

enhancements in this case, "the one-year prior [prison term enhancement] is being stricken, and the strike is not an enhancement; it's a sentencing scheme." The court weighed all the mitigating and aggravating factors it found relevant and concluded that "the aggravators far outweigh the mitigators, so the low term wouldn't be appropriate."[4]

The trial court then considered whether to exercise its discretion to strike the strike entirely or its application to any of the counts of conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 49 and its progeny. The court noted again that Hebner had "spent almost his entire adult life in prison." Hebner "had two prior prison terms before this prison term," one of which involved "a sexual assault on the victim that testified at the trial." Hebner had prior drug convictions and had "been arrested for mayhem." "He also had numerous other violations of conditions of release on those cases . . . and the record speaks for itself as to his behavior while in prison." The trial court concluded Hebner was not "outside the spirit of the three-strike law given the almost constant periods of incarceration with constant periods of being rearrested and reconvicted on very, very serious charges." Accordingly, the court declined to grant the *Romero* motion and strike the strike.[5]

The trial court also evaluated pursuant to section 1385 subdivision (c), whether to strike the five-year prior serious felony conviction enhancement

---

[4] The court also made clear it had considered section 1170, subdivision (b)(6) when evaluating whether to impose a low term and expressly found that doing so would not be in the interest of justice.

[5] The court ultimately granted the *Romero* motion to strike as to count 5, which was the conviction for attempted rape. (See *People v. Garcia* (1999) 20 Cal.4th 490, 499 [trial court has discretion in a Three Strikes case to strike prior conviction allegations on a count-by-count basis].)

imposed pursuant to section 667(a). The court noted that, if it found that it was not in the interests of justice to do so, it was not required to strike the enhancement. But the court stated it had evaluated the factors in section 1385, subdivision (c) and that it had made "its determination overall as to, again, danger, public safety danger, and the interest of justice."

In context of this evaluation, the trial court found no discriminatory racial impact. The court acknowledged there were multiple enhancements but again noted that the one-year prior was stricken and the strike prior was not an enhancement. It further explained that the application of the five-year enhancement "does not put the sentence over 20 years. That goes over 20 independently of that." While Hebner had suffered from mental illness, the court again found its connection to the crimes unclear due to evidence of malingering. The court also found unclear any connection between Hebner's childhood trauma and the crimes in this case. The court described the conduct as violent and again noted Hebner committed the offenses when he was a young adult.

The court agreed that the prior conviction was now over five years old, but also stated that it was not at the time of the original sentencing; "and there [were] intervening offenses regardless of the time frame between the two. So there's no five-year period [in]which he was free of state prison custody." Based on this comprehensive evaluation, the trial court decided that it was "not going to strike the five-year prior" enhancement under section 1385, subdivision (c).[6]

_____

[6] Before the court imposed Hebner's sentence, defense counsel reiterated: "Just to clarify that the prior was more than five years old. I understand what you're saying, he wasn't out of custody during that time, but the prior was from seven years before."

The trial court ultimately imposed an aggregate prison sentence of 38 years: 12 years as the doubled middle term of six years on count 1, 12 years as the fully consecutive doubled middle term of six years on count 2, four years as the doubled one-third of the middle term of six years on count 3, four years as the doubled one-third of the middle term of six years on count 4, 1 year as one-third middle term of three years on count 5[7] (§§ 667.6, 1170.1, subd. (a)), and five years for the prior serious felony conviction.  The court added that "[t]he fines, fees, and assessments would remain the same.  The restitution orders would remain the same."

## II. DISCUSSION

### A. *Applicable Law and Standard of Review*

Section 1385, subdivision (c)(2), as added by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81) (Stats. 2021, ch. 721, § 1), provides that a sentencing court "[i]n exercising its discretion" to dismiss a sentencing enhancement "shall consider and afford great weight to evidence offered by the defendant to prove" certain enumerated mitigating circumstances, and "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  As relevant here, Hebner argues the mitigating circumstances include the following: "[t]he application of the enhancement could result in a sentence of over 20 years", (§ 1385, subd. (c)(2)(C)) and "[t]he enhancement is based on a prior conviction that is over five years old" (*id.*, subd. (c)(2)(H)).

---

[7] Because the court granted the *Romero* motion as to count 5, the term was not doubled.  (See *People v. Garcia, supra,* 20 Cal.4th at p. 499.)

We review a court's decision to dismiss or to strike a sentence enhancement under section 1385 for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)  "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion' " to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' "  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

" 'In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' "  [Citation.]  Second, a " 'decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " ' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

## B. The Trial Court Did Not Abuse Its Discretion by Declining To Dismiss the Prior Serious Felony Enhancement

Hebner contends the court erred in failing to dismiss the prior serious felony enhancement because it erroneously concluded that application of the enhancement would not result in a sentence over 20 years.  (§ 1385, subd. (c)(2)(C).)  He further contends the court failed to give great weight to the fact that his prior conviction was more than five years old.  (§ 1385, subd. (c)(2)(H).)

*1. Subdivision (c)(2)(C) Does Not Apply*

Hebner claims the trial court erred in determining that the five-year enhancement could not result in a sentence in excess of 20 years because it wrongly focused on the effect the enhancement *would* have rather than the effect it *could* have. Respondent maintains that this mitigating factor does not apply because the sentence already exceeded 20 years without any enhancement. We agree with Respondent.[8]

Whether subdivision (c)(2)(C) of section 1385 applies where the base term of the sentence imposed already exceeds 20 years is a question of statutory interpretation that we review de novo. (*People v. Torres* (2025) 113 Cal.App.5th 88, 93 (*Torres*)). "To resolve whether defendant's interpretation of the . . . statute[ ] is correct, we are guided by familiar canons of statutory construction. '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]" ' [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] 'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the

---

[8] Pursuant to subdivision (c)(2)(C) of section 1385, a trial court in determining whether to dismiss an enhancement "shall consider" and "give "great weight" to whether "[t]he application of the enhancement could result in a sentence of over 20 years."

10

general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151.)

According to Hebner, subdivision (c)(2)(C) of section 1385 applies any time "there exists a configuration where the sentence 'could' be longer than 20 years because of the imposition of the enhancement." He acknowledges that the trial court imposed an aggregate term of 33 years based on "selecting full middle base terms for counts one and two, doubling all the terms except on count five, and deciding to run all the terms consecutively. . . ." Nevertheless he claims: "Under other possible configurations, however, the sentence 'could' have been over 20 years because of imposition of the enhancement. For example, if the court had not imposed any doubled terms, the aggregate term would have been 17 years as the court itself mentioned . . . . Or if the court had imposed 12 years on count one as the full doubled middle term, four years on count two as the doubled consecutive term under subdivision (a) of section 1170.1, and concurrent terms on the remaining counts, the aggregate term would have been 16 years."

Hebner's argument regarding subdivision (c)(2)(C) of section 1385 is incorrect. In *Torres*, the court held that based on the plain language of section 1385 subdivision (c)(2)(C), it does not apply where the enhancement *itself* does not result in a sentence exceeding 20 years. (*Torres, supra,* 113 Cal.App.5th at p. 93.) The court reasoned, "A sentence exceeding 20 years could *result* from an enhancement where a sentence of that length arises as a consequence of the enhancement. [Citation.] Thus, the effect of applying the enhancement itself leads to a sentence exceeding 20 years. The word *result* denotes a causal relationship between the enhancement and a sentence exceeding 20 years. Accordingly, this subdivision concerns 'enhancements increasing [a] sentence above 20 years.' " (*Id.* at p. 93, second italics added.)

11

Hebner asserts that *Torres* is factually distinguishable and therefore does not undermine his position because there the defendant was sentenced to 25 years to life for murder plus another 25 years to life for a firearm enhancement. (*Torres*, *supra*, 113 Cal.App.5th at p. 91.) He reasons that "[w]hen the base term itself for an offense already exceeds 20 years, there obviously are no potential sentencing configurations where an enhancement could result in a sentence over 20 years." (Italics omitted.) He argues that unlike the defendant in *Torres*, his base term *could* have been less than 20 years had the court elected not to double any of the base terms as an "other possible configuration."

This assertion is misguided. First, Hebner cites no authority for urging adoption of this speculative route of analysis. Second, Hebner's argument is based on the notion that the trial court granted the *Romero* motion as to all counts—that is not what occurred. The base terms were doubled because of the application of the prior strike conviction. Furthermore, the Three Strikes law is an alternative sentencing scheme, not an enhancement. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243–244.)

Similarly, we are not persuaded by Hebner's argument that all potential sentencing configurations must be considered in determining whether subdivision (c)(2)(C) applies. Specifically, he argues that he could have received a lower base term had the court elected to impose doubled low terms (rather than mid-terms) and concurrent sentences. Again, Hebner cites no authority for the proposition that all potential sentencing configurations must be considered when determining whether section 1385, subdivision (c)(2)(C) applies. Nothing in the plain language of section 1385 directs a sentencing court to calculate the lowest possible sentence before considering the effect of adding an enhancement. Although there is no case

12

law describing the mechanism for determining whether an enhancement could result in a sentence in excess of 20 years, the treatise relied on by Hebner suggests that it is "[l]ikely [the subdivision] applies to the aggregate sentence, including all base terms imposed for a consecutive sentence and all status and conduct enhancements." (Couzens et al., Sentencing California Crimes (The Rutter Group 2025) § 12:11.) The treatise further explains that, "[i]n determining whether the application of an enhancement could result in a sentence of over 20 years, the court should first calculate the *maximum* sentence that could be imposed on the underlying crimes and any enhancements other than the enhancement at issue." (*Ibid.*, italics added.)

Here, as a result of the Three Strikes alternate sentencing scheme, the maximum sentence that could have been imposed was 41 years, consisting of 16 years as the doubled upper term of eight years on count 1, 16 years as the fully consecutive doubled upper term of eight years on count 2, four years as the doubled one-third of the middle term of six years on count 3, four years as the doubled one-third of the middle term of six years on count 4, one year as one-third of the middle term of three years on count 5. (§§ 667.5, 1170.1, subd. (a)).

Because the alternative sentencing scheme by itself resulted in a sentence greater than 20 years, the additional five-year enhancement for the prior serious felony did not cause the sentence to exceed 20 years. (§ 1385, subd. (c)(2)(C); *Torres, supra,* 113 Cal.App.5th at p. 93.)[9] Thus, subdivision (c)(2)(C) of section 1385 does not apply.

---

[9] Because we conclude subdivision(c)(2)(C) of section 1385 does not apply here, we need not address Hebner's arguments that the court erred in failing to issue a finding that dismissal would endanger public safety.

*2. The Court Properly Considered Subdivision (c)(2)(H)*

Hebner next contends that the case should be remanded because the court failed to give "great weight" to the mitigating factor that his prior 1987 conviction was more than five years old at the time he committed the underlying offenses in 1994. (See § 1385, subd. (c)(2)(H); *People v. O'Bannon* (2024) 105 Cal.App.5th 974, 984 [time measured from date of prior conviction to date new offense committed].) He further asserts that given the numerous "mitigating circumstances" he presented, "the record strongly suggests the trial court might well have chosen to exercise its discretion in favor of dismissing the five-year enhancement if, as required by subdivision (c)(2) of section 1385, it had given great weight instead of no weight to the mitigating circumstances that . . . the underlying conviction was over five years old."

Preliminarily, it appears the court misspoke when, in addressing whether Hebner's prior conviction was over five years old, the court said, "It is now but it wasn't at the time." It is unclear whether the court was referring to the 1990 conviction. In any event, the record reflects the court was aware of Hebner's 1987 conviction and considered that there had been "no five-year period which he was free of state prison custody." We find nothing arbitrary or capricious in the consideration of Hebner's record of violent convictions, behavior in prison, as well as his poor performance while on parole to find dismissal of the enhancements would endanger the public. Nor do we find the court failed to exercise its discretion according to fixed legal principles. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

We also reject Hebner's claim that because the trial court did not express its findings on the record, it failed to properly weigh evidence of the risk of danger to the public or give appropriate weight to the mitigating

14

circumstances Hebner deems relevant in section 1385, subdivision (c)(2). The record reflects the court engaged in a comprehensive analysis and weighing of the statutory factors relevant to Hebner's petition. Furthermore, with respect to its consideration of whether to strike the five-year enhancement, it *did* expressly state it had made "its determination overall as to, again, danger, public safety danger, and the interest of justice." At this point in the hearing, the court was referencing its earlier findings involving the same or similar factors involving selection of the base term. In any event, " '[t]he trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

" 'The general rule is that a trial court is presumed to have been aware of and followed the applicable law. [Citations.] These general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues.' " (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.) Moreover, "it is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown . . . .' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Accordingly, we cannot presume the trial court failed to give "great weight" to the mitigating factor that Hebner's prior conviction was more than five years old. After considering both the mitigating and aggravating factors, the court concluded that dismissing the enhancement would not be in the furtherance of justice. This was not an abuse of discretion. (See *People v.*

15

*Ortiz* (2023) 87 Cal.App.5th 1087, 1099 [resentencing court did not abuse its discretion in declining to strike enhancement by "assess[ing] the claimed mitigating factors and, finding one such factor, acknowledg[ing] its great weight but determin[ing] that other factors were collectively weightier"]; *People v. Pearson*, *supra*, 38 Cal.App.5th at p. 117 [same, where resentencing court declined to strike firearm enhancement based on several aggravating factors].)

In essence, Hebner asks us to reweigh the factors. However, it is not our role as an appellate court to do so or to substitute our judgment for that of the trial court especially when the record reflects as it does here, that the trial court gave thoughtful consideration to all of the evidence presented and demonstrated understanding of the applicable legal principles. (*People v. Pearson*, *supra*, 38 Cal.App.5th at p. 116.) Thus, Hebner has failed to demonstrate the court's decision to impose the five-year sentence enhancement was irrational or arbitrary.

### C. The Restitution Fine and AIDS Education Fee Must be Vacated

When Hebner was originally sentenced on August 28, 1996, the trial court imposed a restitution fine in the amount of $200 for each count totaling $1200 pursuant to section 1202.4, and an AIDS education fee in the amount of $70 pursuant to section 1463.23. When Hebner was resentenced on June 10, 2024, the trial court ordered the original fines and fees "would remain the same."

Effective January 1, 2025, Assembly Bill No. 1186 added subdivision (d) to section 1465.9. It provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and *any portion of a judgment imposing those fines shall be*

16

*vacated.*" (Italics added.) Accordingly, the portion of the judgment imposing the restitution fine is vacated.

We agree with the parties that the $70 fee imposed for AIDS education must be vacated. The original sentencing court imposed this fee pursuant to section 264, subdivision (b), which states in relevant part: "[T]he judge may assess a fine not to exceed seventy dollars ($70) against a person who violates Section 261 or former Section 262 with the proceeds of this fine to be used in accordance with Section 1463.23." Section 1463.23, however, was repealed effective January 1, 2018. (Stats. 2017, ch. 537, § 18.)

The parties correctly posit that the provision authorizing the AIDS education fee (§ 264, subd. (b)) was impliedly repealed in 2018, when the referenced statute (§ 1463.23) was actually repealed, since it is no longer possible for "the proceeds of this fine to be used in accordance" with section 1463.23. Accordingly, the AIDS education fee is vacated.

Finally, as Hebner points out, the abstract of judgment filed on June 24, 2024 does not reflect the restitution fine or the AIDS education fee. We further note that the sentencing minute order similarly does not refer to any fines and fees imposed. Nevertheless, it is well established that " '[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' " (*People v. Clark* (2021) 67 Cal.App.5th 248, 260–261.)

Accordingly, the clerk of the superior court is ordered to prepare an amended abstract of judgment and an amended sentencing minute order reflecting that the previously imposed $1200 restitution fine (§ 1202.4) and $70 AIDS education fee (§ 264, subd. (b), former § 1463.23) are vacated. (See *People v. Clark, supra,* 67 Cal.App.5th at pp. 259–261 [trial court ordered to correct abstract of judgment by vacating repealed probation supervision fee].)

## III. DISPOSITION

The judgment is affirmed. The clerk of the superior court is ordered to prepare an amended certified abstract of judgment and an amended sentencing minute order reflecting that the previously imposed $1200 restitution fine (§ 1202.4) and $70 AIDS education fee (§ 264, subd. (b), former § 1463.23) are vacated. The clerk is further ordered to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
Moorman, J.[*]

WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.

_____
[*] Judge of the Superior Court of California, County of Mendocino, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.